UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zljahuc Logan James, <br> a/k/a Zljahuc James, <br> a/k/a Zljahuc L. James, <br><br>                   Plaintiff, <br><br> vs. <br><br> Warden Jarvis; S.I.S. Kajanders; Captin Behrenns, <br><br>                   Defendants. | C/A No. 9:13-3494-JMC-BM <br><br><br><br> REPORT AND RECOMMENDATION |

The Plaintiff, Zljahuc Logan James, proceeding *pro se* and *in forma pauperis*, brings this action against Bureau of Prison ("BOP") employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] At the time Plaintiff filed this action, he was incarcerated at USP-Coleman in Florida. He is currently incarcerated at USP-McCreary in Kentucky. Plaintiff alleges that the Defendants failed to protect him from an attack by other inmates at USP-Coleman and improperly placed him in the Special Housing Unit ("SHU").

### Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and

---

[1] *Bivens* established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. *See Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983; therefore, caselaw involving a § 1983 claim is applicable in a *Bivens* action, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 n. 30 (1982).

§ 1915A, the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* complaint to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this standard, this case is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure). Such is the case here.

### Discussion

Plaintiff alleges that the Defendants placed him in a recreation cage with three inmates who were under "S.I.S. Investigation for previous riot on compound." ECF No. 1 at 3. He claims the inmates punched, kicked, and sprayed him with mace. Plaintiff also asserts that he was wrongly placed in the SHU "after he was forced to fight in order to protect himself." *Id.* at 4. Plaintiff requests injunctive relief and monetary damages. *Id.* at 5.



2

Pursuant to 28 U.S.C. § 1391(b), a plaintiff's claim may "be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." In the instant action, none of the Defendants reside, or may be found, in the State of South Carolina, and none of the acts giving rise to the Complaint occurred in this State. While the case could have been brought in a district court in Florida, where the Defendants are located, where the acts giving rise to this case occurred, and where, presumably, records and other evidence relevant to this action are maintained; *see* 28 U.S.C. § 1391; as discussed below, transfer of this action to the appropriate district court would not further the interests of justice. Rather, the case should instead be dismissed. See 28 U.S.C. § 1406(a) ["[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."]

Pursuant to the PLRA, 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Booth v. Churner*, 532 U.S. 731, 741 (2001)(PLRA requires

3

administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint, *sua sponte* dismissal prior to service of the complaint is nevertheless appropriate. *See Anderson v. XYZ Correctional Health Servs.*, 407 F.3d 674, 683 (4th Cir. 2005); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006).

Here, it is apparent from the face of the Complaint that Plaintiff failed to exhaust his available administrative remedies[2] prior to filing this action. Although Plaintiff acknowledges that there was a prison grievance procedure at USP-Coleman, he answered "No" to the question of whether he had filed a grievance concerning the claims he raises, and also answered "No" to the question of whether he received a final institutional answer or determination concerning his claims. While Plaintiff complains in his Complaint that he talked to Defendant S.I.S. Kajanders but that the "incident report was thrown out;" Complaint, ECF No. 1 at 2; an incident report is something filled out by prison personnel; it is not a grievance, which is something filled out and pursued by a

---

[2]The BOP has a three-tiered administrative grievance process. *See* 28 C.F.R. §§ 542.10, *et seq.* An inmate may first seek to informally resolve his complaint by filing Form BP–8, and if the matter cannot be resolved informally, the inmate must file a formal written "Administrative Remedy Request" (Form BP–9) within twenty calendar days following the date on which the basis for the complaint occurred. 28 C.F.R. §§ 542.13, 542.14(a). If the inmate is dissatisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date of the Warden's response by filing Form BP–10. 28 C.F.R. § 542.15. Finally, the inmate may appeal the decision to the General Counsel within thirty calendar days of the Regional Director's response by filing Form BP–11. *Id.*

4

prisoner. Plaintiff also conclusorily states that "no Institutional remedy exist[s] to correct or repair the violation of [his] rights." ECF No. 1 at 4. However, Plaintiff concedes (and this Court can take judicial notice of the fact) that a grievance procedure is available in federal prisons.

In any event, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001); *see Porter v. Nussle*, 534 U.S. 516 (2002). Additionally, "[e]xhaustion of administrative remedies is mandatory, even where the inmate claims that exhaustion would be futile." *See, e.g., Reynolds v. Doe*, 431 F. App'x 221, 222 (4th Cir. 2011)(citing *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001)). Thus, this action should be dismissed for Plaintiff's failure to exhaust his available administrative remedies.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. In the alternative, if the Court determines dismissal is not warranted at this time, it is recommended that this action be transferred to the United States District Court for the Middle District of Florida.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 28, 2014
Charleston, South Carolina

5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



6